ASH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Nicholas Pablo,<br><br>   Defendant/Movant. | No. CR 03-00764-PHX-JAT-7<br><br><br>**ORDER** |

Defendant Nicholas Pablo, who is presently confined in the United States Penitentiary in Beaumont, Texas (USP-Beaumont),[1] has filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 1319). The Government opposes the Motion (Doc. 1321), and Defendant has replied. (Doc. 1327). The Court will deny the Motion.

**I.   Background**

On July 22, 2003, a grand jury indicted Defendant and several co-defendants on numerous counts related to the murder of a prison inmate; Defendant was indicted on one count of first-degree murder and one count of conspiracy to commit first degree murder. (Doc. 1). After a 26-day jury trial, Defendant was found guilty of conspiracy to commit murder, and not guilty of first-degree murder. (Doc. 981). On June 7, 2005, Defendant was sentenced to life imprisonment to run consecutive to two other murder sentences he was already serving (Doc. 1113), the latter of which is currently projected to end on

---

[1] At the time he filed his Motion, Defendant was incarcerated at USP-Victorville.

December 30, 2026.  (Doc. 1321 at 6).  As such, Defendant has not yet begun to serve his sentence in the instant case.

## II.     Motion

In his Motion, Defendant seeks a "lesser sentence," possibly to include release from custody.  (Doc. 1319 at 21).  Defendant is now 45 years old, and has been incarcerated since the age of 17.  (*Id.* at 2).  Defendant asserts that he is entitled to relief due to his "youth at the time the crimes were committed, chaotic family upbringing, relative sentencing disparity, extensive rehabilitation while serving a 'life sentence,' specific reentry plan, and just the totality of all the circumstances to include the rehabilitated person he has become since his original sentencing those many years ago." (*Id.*).

## III.    Discussion

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotations omitted) (citing *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)).  However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018 (FSA), "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)); *see also* FSA, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018).

When a prisoner moves for compassionate release,

> district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission[2]; and (4) the district court considered the factors

---

[2] New sentencing guidelines went into effect on November 1, 2023.  *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023).  The Court refers to the Sentencing Commission's policy statements for guidance.  *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous policy statements).  The amendments contain six circumstances that may qualify as "extraordinary and

set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022) (internal quotations omitted). However, a court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

### A.   Exhaustion

The burden rests with Defendant "to provide proof that [he] has met the exhaustion criteria set forth in § 3582(c)(1)(A)." *United States v. Packard*, CR-19-03886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021). Exhaustion under § 3582(c)(1)(A) requires that a defendant first request compassionate release from the warden at his or her facility, and that the request be denied or 30 days elapse without a response. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that he submitted a request for compassionate release to the Warden at USP-Victorville on April 22, 2023. Defendant does not indicate when, or if, the Warden responded,[3] but in any event, Defendant did not file his Motion until August 31, 2023, more than 30 days later. The Government concedes that Defendant exhausted his administrative remedies. Accordingly, the Court will turn to the merits of Defendant's Motion.

### B.   "Extraordinary and Compelling Reasons"

"[T]he determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095 (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (per curiam)). The only limitations to this discretion are that the Court is "bound by the Sentencing Commission's policy statement," and that "'[r]ehabilitation . . . alone' cannot be compelling." *Id.* These are: 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. *See* U.S.S.G. § 1B1.13, policy statement (last amended Nov. 1, 2023).

---

[3] In its Response, the Government indicates that the request was denied on May 15, 2023. (Doc. 1321 at 8).

- 3 -

extraordinary and compelling." *Id*. at 1096 (quoting 28 U.S.C. § 994(t)).

On November 1, 2023, the United States Sentencing Commission (USSC) promulgated amended policy statements regarding motions for compassionate release. As relevant here, the newly amended policy statement to United States Sentencing Guideline (U.S.S.G.) § 1B1.13 provides that extraordinary and compelling reasons for compassionate release exist in six circumstances; namely, certain medical circumstances, age, certain family circumstances, when the defendant is a victim of abuse while incarcerated, when the defendant receives an unusually long sentence, or for any other reasons that are "similar in gravity" to the other five, enumerated circumstances. (*See* U.S.S.G. § 1B1.13(b)). Defendant does not identify any qualifying medical circumstances, age-related factors, family circumstances, or allege that he is a victim of abuse while incarcerated. Rather, it appears that Defendant relies on the unusually long sentence provision, as well as the catch-all provisions in § 1B1.13(b)(5) and (6).

Section 1B1.13(b)(6) provides that extraordinary and compelling reasons for compassionate release exist:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. Here, and as noted, Defendant has yet to begin serving his sentence for the instant conviction. Accordingly, he has failed to demonstrate that he has "served at least 10 years of the term of imprisonment," and thus fails to satisfy § 1B1.13(b)(6).

Section 1B1.13(b)(5) provides that extraordinary and compelling reasons for compassionate release exist when:

> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

- 4 -

§ 1B1.13(b)(5).  As noted, Defendant asserts that he is entitled to relief due to his "youth at the time the crimes were committed, chaotic family upbringing, relative sentencing disparity, extensive rehabilitation while serving a 'life sentence,' specific reentry plan, and just the totality of all the circumstances to include the rehabilitated person he has become since his original sentencing those many years ago."  (Doc. 1319 at 2).  However, Defendant's youth and upbringing were presented and considered at the time of sentencing, and the Court determined that even after taking them into account a life sentence was still warranted.  (Doc. 1124 at 29-30, 38-39, 40).

To the extent Defendant also argues that he received a greater sentence than co-Defendant Moore—who actually committed the murder at issue—his argument is misplaced.  Defendant was already serving time for two other murders, and had a much more extensive criminal history than Moore.  Further, Moore's conviction was reversed on appeal, and he ultimately pled guilty to a lesser included charge of second-degree murder.  Any disparity between the 151-month sentence Moore received on that charge and the life sentence Defendant received here is thus not "similar in gravity" to the other circumstances for which § 1B1.13(b) permits a finding of extraordinary and compelling circumstances warranting compassionate release.

Finally, to the extent that Defendant argues his rehabilitation is sufficient to find extraordinary and compelling reasons for compassionate release, 28 U.S.C. § 994(t)) provides that rehabilitation alone is insufficient to warrant relief under § 3582(c), and even when considered in conjunction with Defendant's other proffered bases, the Court concludes that—while commendable—Defendant's rehabilitation does not demonstrate that it rises to the level of extraordinary and compelling reasons warranting compassionate release.  Accordingly, the Court concludes that Defendant has not shown that extraordinary and compelling reasons warrant compassionate release at this time, and the Motion can be denied on this basis.

**C.**   **18 U.S.C. § 3553(a) Factors**

Finally, even assuming *arguendo* that Defendant had sufficiently demonstrated that

1  extraordinary and compelling reasons exist, the Court concludes that release would not be
2  warranted because the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction
3  in sentence.

4      Pertinent factors under § 3553(a) include the "nature and circumstances of the
5  offense and the history and characteristics of the defendant," the need for the sentence "to
6  reflect the seriousness of the offense, to promote respect for the law, and to provide just
7  punishment for the offense," to deter criminal conduct and protect the public, and to
8  provide effective correctional treatment, including education or vocational training and
9  medical care.  18 U.S.C. § 3553(a)(1), (2).  The Court may also consider the advisory
10 guideline range and the need to "avoid unwarranted sentencing disparities among similarly
11 situated defendants and to provide restitution to victims.  18 U.S.C. § 3553(a)(4), (6)-(7).

12     As recounted in the Presentence Report and discussed during sentencing, the
13 evidence at trial established that Defendant—over the course of more than a year—
14 facilitated a conspiracy ultimately resulting in the murder of another prisoner.  Although
15 Defendant himself did not commit the murder, as the Court stated at sentencing "It's hard
16 to overstate the seriousness of that offense.  The fact it occurred in a prison, as I have said
17 on previous occasions, makes this particularly serious[.]"  (Doc. 1124 at 41).  As the Court
18 concluded at sentencing, and even after considering many of the same arguments
19 Defendant presents in his Motion, "there is simply no doubt in the Court's mind that life in
20 prison is the only adequate punishment and likewise will be the punishment that will
21 provide adequate deterrence."  (*Id.*).

22     Further, the government has provided evidence that Defendant remains a danger to
23 the community.  Most notably, the government has presented evidence that Defendant
24 remains a validated gang member, and has communicated recently with people associated
25 with other gang members using code related to his gang. (Doc. 1321-1).  Accordingly, the
26 Court finds that the § 3553(a) factors do not support a reduction in sentence.
27 . . . .
28 . . . .

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) (Doc. 1319) is **denied**.

Dated this 1st day of October, 2024.

_____
James A. Teilborg
Senior United States District Judge